Argued and submitted May 23, affirmed in part; vacated in part and remanded July 19, 1995

STATE OF OREGON,
*Respondent,*

*v.*

ALFORD DUFFY WEEKS,
*Appellant.*

(93C-20757; CA A82260)

899 P2d 730

James N. Varner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Landau and Leeson, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals from his conviction for robbery in the second degree, ORS 164.405, and from a part of the judgment requiring him to participate in anger management classes and an alcohol rehabilitation program while on post-prison supervision. We affirm the conviction but remand for resentencing.

In June 1993, a person robbed a convenience store in Salem, Oregon. The cashier who had been on duty testified that four men came by car to the store. A man who had been in the car's rear passenger seat entered the store. Another passenger who was in the front seat got into the rear seat of the car and left the front door open for the man who entered the store. After that man demanded and received money from the cashier, he returned to the car and the men drove away down a dead end street. When the police arrived, witnesses described the getaway car, the robber and the robber's clothing. A few minutes later, police found defendant lying in the rear seat of the car. A short while later, the witnesses identified defendant as the person who had robbed the store, although he was not wearing the clothing that they had described. They also identified the getaway car.

At trial, the state's first theory was that defendant personally robbed the store. Its alternative theory was that another passenger had robbed the store and that defendant had aided and abetted in that robbery. The jury convicted defendant of robbery in the second degree.

■ On appeal, defendant's first assignment is that the court erred in instructing the jury on aiding and abetting. He argues that, if the jury found that defendant did not rob the store, there was insufficient evidence to support a finding of aiding and abetting. Viewing the evidence in the light most favorable to the state, we conclude that there was evidence from which the jury could infer that defendant was the passenger who got out of the front seat, leaving the front door open to assist the robber's exit from the crime scene. *See State v. Townsend*, 237 Or 527, 529, 392 P2d 459 (1964). The trial court did not err in giving the aid and abet instruction.

■ Defendant's next assignment is that the trial court erred when it included in the judgment an order requiring

defendant to participate in anger management classes and an alcohol rehabilitation program while on post-prison supervision. The state concedes that trial court lacked authority to impose post-prison supervision conditions. *State v. Dodson*, 111 Or App 643, 825 P2d 662 (1992). We accept the concession.

Conviction affirmed; conditions of post-prison supervision vacated; remanded for entry of corrected judgment.